**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ALPACINO LEWIS,

Plaintiff,

v.

MINNEAPOLIS POLICE DEPARTMENT; THE VILLAS AT BRYN MAWR; and HENNEPIN COUNTY MEDICAL CENTER (HCMC),

Defendants.

Case No. 26-CV-188 (NEB/JFD)

ORDER FOR DISMISSAL

---

Plaintiff Alpacino Lewis claims that his constitutional rights were violated when he was a patient recuperating from a gunshot injury at The Villas at Bryn Mawr ("The Villas") in 2023. (ECF No. 1.) Lewis did not pay the statutory filing fee. Instead, he has filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Lewis's IFP application is therefore currently before the Court for preservice review under 28 U.S.C. § 1915(e). Upon that review, Lewis's complaint will be dismissed without prejudice for failure to state a plausible claim for relief and his IFP application will be denied as moot.

Even when a plaintiff qualifies financially for IFP status, an IFP application will be denied, and an action will be dismissed when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th

Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP . . . and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, the Court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the Lewis's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Lewis claims that the staff at The Villas failed to provide him with adequate medical care, failed to monitor the condition of his gunshot wound, and failed to respond to his requests for medical attention. These allegations are couched as legal conclusions; he does not provide factual enhancement to support them.

Then, an unidentified staff member called the Minneapolis Police Department to have him removed from the property, even though he did not commit a crime and did not pose a threat. Lewis asserts violations of his constitutional rights under 42 U.S.C. § 1983 and violations of the Americans with Disabilities Act ("ADA").

The Court starts with Lewis's § 1983 claims. To establish a plausible § 1983 claim, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of W. Branch*, 454 F.3d 914, 918 (8th Cir. 2006). There are multiple problems with Lewis's § 1983 claims, but the Court focuses on the two most salient.

First, Section 1983 "secures most constitutional rights from infringement by governments, not private parties." *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1057 (D. Minn. 2013) (citation omitted). Thus, "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores*, 266 F.3d 851, 855 (8th Cir. 2001). And "[a] private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" *Magee*, 957 F. Supp. 2d at 1057 (citation omitted). "A plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor regarding the violation of plaintiff's constitutional rights." *Id.* at 1057–58 (citation modified). "Mere allusion to such a conspiracy is insufficient; the conspiracy, or meeting of the minds, must be pleaded with specificity and factual support." *Id.*

In this case, Lewis asserts no facts establishing that The Villas was either operating as a state actor or as the agent of a state actor. Nor does he assert any specific facts establishing that The Villas and some state actor came to an understanding to work

together to violate Lewis's constitutional rights. The mere fact that staff at The Villas contacted police to have him removed from the property does not, by itself, suggest otherwise. *See Youngblood*, 266 F.3d at 855 (the fact that a store employee summoned a police officer to investigate a suspected shoplifting incident did not transform the store into a state actor for § 1983 purposes). Lewis's § 1983 claims against The Villas therefore fail as a matter of law.

Second, while the Minneapolis Police Department and the Hennepin County Medical Center ("HCMC") qualify as state actors within the meaning of § 1983, Lewis's § 1983 claims against them fare no better. To begin, it is well-established that a police department, such as the Minneapolis Police Department, is not a suable entity under § 1983. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (listing cases). Further, to the extent that Lewis had intended to name an unidentified Minneapolis police officer/supervisor and an unidentified HCMC ambulance driver as defendants to this action (and it is not clear that he did), (*see, e.g.*, ECF No. 1 at 2–3), his complaint does not describe what either the officer or the HCMC ambulance driver specifically did (or failed to do) in violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, a municipal entity such as the Hennepin County Medical Center "may be subject to Section 1983 liability for the actions of its employees only if the inadequate training of its employees, a municipal policy or an unofficial municipal custom causes a constitutional injury." *Khounedaleth v. City of Minneapolis*, 581 F. Supp. 3d 1128, 1133 (D. Minn. 2022). As described above, Lewis does not assert sufficient facts establishing that his constitutional rights were violated. *See Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018) ("[T]here must be an unconstitutional act by a municipal employee before a municipality can be held liable . . ." (citation modified)). Setting this aside, he asserts no facts suggesting that any alleged constitutional violation was caused by some unconstitutional municipal policy, unofficial custom, or the municipality's failure to train or supervise its employees. Lewis has failed to state a plausible claim for relief under § 1983.

Turning now to Lewis's ADA claims, he specifically asserts that he was discriminated against and denied accommodations under the ADA. (ECF No. 1.) At base, "[t]he ADA affords protection from discrimination to any 'qualified individual with a disability.'" *Cooper v. Olin Corp., Winchester Div.*, 246 F.3d 1083, 1087 (8th Cir. 2001) (quoting 42 U.S.C. § 12112(a)). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C § 12102(2). Lewis's complaint fails to describe any facts regarding his disability,

let alone any facts establishing that he qualifies as a "qualified individual with a disability" under the ADA. And Lewis fails to assert any facts describing *how* he was discriminated against based on his disability. Accordingly, here, again, Lewis has failed to allege sufficient facts to "nudge" his claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and his ADA claims will therefore be dismissed on that basis.

Lewis asserts no other cause of action over which this Court has jurisdiction, and, upon close review of the complaint (even when liberally construed), this Court finds none. *See Gregory v. Dillard's*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." (citation modified)). Thus, the entirety of this action will be dismissed without prejudice for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis's IFP application, (ECF No. 2), is therefore denied as moot.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Alpacino Lewis's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's IFP Application (ECF No. 2) is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge